UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. LOPEZ ) | 1:08-cv-1542-LJO-SMS |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO |
| v. ) | DENY PLAINTIFF'S APPLICATION TO |
| ) | PROCEED IN FORMA PAUPERIS (DOC. |
| MICHAEL J. ASTRUE, ) | 2) |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

   Plaintiff is proceeding pro se and has filed a complaint seeking review of an unfavorable decision of the Commissioner of Social Security. Pending before the Court is Plaintiff's application to proceed in forma pauperis, filed on October 14, 2008.

   Title 28 U.S.C. § 1915(a)(1) provides that any court of the United States may authorize the commencement, prosecution of defense of any civil or criminal suit, action, proceeding, or any appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees or give security therefor. Id.; Floyd v. United

1

1 States Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997),
2 modified on other grounds in Callihan v. Schneider, 178 F.3d 800,
3 801 (6th Cir. 1999).
4      Section 1915(a) does not require that the litigant be
5 destitute; a party must not be required to choose either to
6 abandon a potentially meritorious claim or to forego the
7 necessities of life. Potnick v. Eastern State Hospital, 701 F.2d
8 243, 244 (2nd Cir. 1983) (citing Adkins v. E.I. DuPont de Nemours
9 & Co., Inc., 335 U.S. 331, 339, (1948)). Although an applicant
10 need not be absolutely destitute, the affidavit should establish
11 that one cannot, because of poverty, pay or give security for the
12 costs and still be able to provide himself and dependents with
13 the necessities of life. Adkins v. E.I. DuPont de Nemours & Co.,
14 335 U.S. 331, 339 (1948).
15      Here, Plaintiff declares that he is not incarcerated or
16 employed, has not received money from any listed sources in the
17 past twelve months, and last worked in 2001. However, Plaintiff
18 states that he has $15,000.00 in savings. Therefore, Plaintiff's
19 declaration fails to establish that Plaintiff cannot pay the
20 costs of this action without sacrificing the necessities of life.
21 Cf. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,
22 865 F.2d 22, 23-24 (2nd Cir. 1988) (poverty not established where
23 the party had $20,000 net annual income).
24      Accordingly, it IS RECOMMENDED that Plaintiff's application
25 to proceed in forma pauperis BE DENIED, and that Plaintiff BE
26 ORDERED to pay the $350.00 filing fee within thirty days or face
27 dismissal of the action.
28      This report and recommendation is submitted to the United

States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 21, 2008                    /s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE