UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD R. LOPEZ, | ) | 1:08-cv-01542-LJO-SMS |
| | ) | |
| Plaintiff, | ) | **INFORMATIONAL ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, his claim for benefits under the Social Security Act. The complaint, filed October 14, 2008 (Doc. 1), has not yet been served on defendant. On October 22, 2008 (Doc. 3), the Court denied plaintiff's application to proceed in forma pauperis, and ordered plaintiff to pay the $350.00 filing fee within thirty days or face dismissal of the action. On November 12, 2008, plaintiff paid the $350.00 filing fee in full.

**This order simply provides the following information for pro se litigants. The Court strongly suggests plaintiff keep this order readily handy for future reference.**

1

1       I.   Service of the Complaint

2               Pursuant to the Scheduling Order just issued on

3   November 18, 2008 (Doc. 5), plaintiff shall serve the summons,

4   complaint, notice and form of consent to proceed before a

5   Magistrate Judge provided by Local Rule 73-305(a), and a copy of

6   the Scheduling Order within **twenty (20) days** of filing the

7   complaint.  After those documents have been served, a proof of

8   service must be filed with the Court without delay.

9       II.  Attempt at Informal Resolution of the Case

10              Pursuant to the Scheduling Order, within **one hundred**

11  **twenty (120) days** after service of the complaint, defendant is

12  required to serve a copy of the administrative record on

13  plaintiff and file the administrative record with the Court,

14  which serves as the answer to the complaint in this proceeding.

15              Once the administrative record has been filed, the

16  parties must try to resolve the case informally.  In this process

17  the parties must exchange informal briefs in the form of letters

18  about the case to see if they can agree that the case should be

19  sent back, or "remanded," to the Social Security Administration

20  for a further hearing by an administrative law judge.

21  Plaintiff's letter brief (1) must be served on defendant no later

22  than **thirty (30) days** after defendant serves plaintiff with the

23  administrative record, (2) should be marked "Confidential Letter

24  Brief;" and, (3) should <u>not</u> be filed with the Court.  Therein,

25  plaintiff must briefly set forth the issues in the case, the

26  reasons why plaintiff thinks that he is entitled to Social

27  Security benefits, and why the decision to deny benefits should

28  be remanded.

1    Defendant's confidential letter brief must be served on
2  plaintiff no later than **thirty-five (35) days** after defendant is
3  served with plaintiff's confidential letter brief.

4    If the parties agree on a remand, then the case will go
5  back to the Social Security Administration before any formal
6  briefs are filed with the Court and without the Court ever
7  considering the merits of the case.  The parties' agreement to
8  remand the case must be in writing in a document titled
9  "stipulation," which must be signed and filed with the Court no
10 later than **fifteen (15) days** after defendant served its
11 confidential letter brief on plaintiff.

12   The informal letter briefs exchanged by the parties are
13 confidential in the sense that they are not filed with the Court.
14 If the parties are unable to agree to a remand, the letters are
15 not part of the case file and thus are not before the Court if
16 and when the Court finally considers the case on the merits.

17   III. <u>Briefs</u>

18   If after exchanging letters the parties are unable to
19 agree to a remand of the case, then the parties must submit
20 formal briefs to the Court as directed in the Scheduling Order.
21 It is only after the briefs are filed that the Court will
22 consider the merits of the case and make a decision.

23   A.   <u>Plaintiff's Opening Brief</u>

24   Plaintiff's opening brief must be filed and served no
25 later than **thirty (30) days** from the date defendant's informal letter
26 brief was served on plaintiff.  Plaintiff must serve a copy of his
27 opening brief on the United States Attorney for the Eastern District
28 of California by either hand-delivery or by mail to:

                         United States Attorney
                         Eastern District of California
                         United States Attorney's Office
                         Civil Process Clerk
                         2500 Tulare Street, Suite 4401
                         Fresno, CA 93721

Plaintiff must also file his original opening brief, together

with a copy, with the Court, which means that the original and

copy must be either hand-delivered or mailed to:

                         Office of the Clerk
                         United States District Court
                         Eastern District of California
                         2500 Tulare Street, Suite 1501
                         Fresno, CA 93721

Plaintiff's opening brief must contain the following parts:

        (1)   a plain description of plaintiff's alleged

physical or emotional impairments, when plaintiff contends they

became disabling, and how they disabled plaintiff from work;

        (2)   a summary of the administrative proceedings before

the Social Security Administration;

        (3)   a summary of the relevant testimony at the

administrative hearing;

        (4)   a summary of all relevant medical evidence,

including an explanation of the significance of clinical and

laboratory findings and the purpose and effect of prescribed

medication and therapy;

        (5)   a recitation of the Social Security Administration's

findings and conclusions relevant to plaintiff's claims;

        (6)   a short, separate statement of each of plaintiff's

legal claims stated in terms of the insufficiency of the evidence

to support a particular finding of fact or reliance on an

erroneous legal standard; and,

1    (7)  argument separately addressing each claimed error.

2         All references to the administrative record and all

3    assertions of fact must be accompanied by citations to the

4    administrative record.  Argument in support of each claim of

5    error must be supported by citation to legal authority and

6    explanation of the application of such authority to the facts of

7    the particular case.  Briefs that do not substantially comply

8    with these requirements will be stricken.  A document that is

9    stricken becomes a nullity and is not considered by the Court for

10   any purposes.

11        Plaintiff is further advised that failure to timely

12   file an opening brief will result in dismissal of the action.

13        B.   Defendant's Brief

14             Pursuant to the Scheduling Order, defendant's

15   responsive brief is due filed and served no later than **thirty**

16   **(30) days** after service of plaintiff's opening brief.

17        C.   Plaintiff's Reply Brief

18             Plaintiff may file a reply brief, but is not

19   required to do so, no later than **fifteen (15) days** from the date

20   defendant served its responsive brief on plaintiff.  Plaintiff

21   must serve a copy of the reply brief on defendant by serving the

22   United States Attorney for the Eastern District of California at

23   the address noted above.  Plaintiff must also file the original

24   reply brief, together with a copy, with the Court at the address

25   noted above.

26             Plaintiff's reply brief should respond to the

27   arguments made in defendant's responsive brief.

28   //

1    IV.   <u>Motion to Dismiss</u>

2          In some cases, instead of serving and filing an

3    administrative record, defendant may file a motion to dismiss the

4    case pursuant to Rule 12 of the Federal Rules of Civil Procedure.

5    If defendant files such a motion, it must be filed no later than

6    **one hundred twenty (120) days** from the date defendant is served

7    with plaintiff's complaint.

8          Plaintiff may oppose a motion to dismiss by filing and

9    serving opposition to the motion no later than **fourteen (14) days**

10   from the date the motion to dismiss was served on plaintiff, and

11   should be titled "Opposition to Defendant's Motion to Dismiss."

12         The Court will consider a motion to dismiss only after

13   receiving opposition from plaintiff, or after the time for filing

14   opposition has passed.  In ruling on a motion to dismiss the

15   case, the Court may either (1) deny the motion and proceed with

16   the case, ordering the parties to proceed to file the

17   administrative record, attempt informal resolution, and file

18   briefs; or, (2) grant the motion to dismiss, and dismiss all or

19   part of the case.

20   V.    <u>The Court's Decision on the Merits</u>

21         The Court will consider the merits of the case only

22   after all briefs have been filed, and may enter a judgment

23   affirming, modifying, or reversing the determination of the

24   Social Security Administration.  The Court may or may not remand

25   the case to the Social Security Administration for a further

26   hearing.

27   VI.   <u>Rules for Litigating the Action</u>

28         Plaintiff is reminded of the following:

6

1    A.   In litigating this action, the parties must comply

2  with the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and

3  the Local Rules of the United States District Court, Eastern

4  District of California (Local Rules).  A copy of the Local Rules

5  may be obtained in the Clerk's Office.

6    Local Rule 8-206 is a special rule for social

7  security actions.  Specifically (a)(2) and (3) generally states

8  that complaints shall contain the last four digits of plaintiff's

9  social security number only, and that plaintiff shall privately

10 disclose to defendant, within **five (5) days** after a request is

11 made to plaintiff, the full social security number of plaintiff.

12 Therefore, plaintiff shall refrain from disclosing his entire

13 social security number on any future filings.  <u>See</u> Complaint,

14 Page 1, line 25.

15    <u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL</u>

16 <u>RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS</u>

17 <u>FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>.  <u>See</u> Local Rule

18 11-110; Fed. R. Civ. P. 41(b).

19    B.   Documents intended to be filed with the Court must

20 be mailed to the Clerk of the Court.  <u>See</u> Local Rule 5-134(a).

21 <u>All documents improperly mailed directly to a judge's chambers</u>

22 <u>will be stricken from the record</u>.  A document requesting a court

23 order must be styled as a motion, not a letter.  <u>See</u> Fed. R. Civ.

24 P. 7.

25    C.   Each document submitted for filing must include

26 the original signature of the filing party or parties.  Local

27 Rule 7-131; Fed. R. Civ. P. 11(a).  <u>All documents submitted</u>

28 <u>without the required signature(s) will be stricken</u>.  Each

separate document must be separately stapled.  <u>See</u> Local Rule

7-130.  If a document is stapled behind another document, it will

not be filed and will not enter the court docket.

        D.   All documents filed with the Court must be

submitted with an additional legible conformed copy for the

Court's use.  <u>See</u> Local Rule 5-134(b).  <u>A document submitted</u>

<u>without an extra copy for the Court's use will be stricken</u>.  If

the filing party wishes the Court to return a file-stamped copy,

s/he must include an additional copy for that purpose (i.e.,

submit an original and two copies, one for the Court's use and

one to be returned), together with a self-addressed, stamped

envelope.  <u>The Court cannot provide copy or mailing service for a</u>

<u>party, even for an indigent plaintiff proceeding in forma</u>

<u>pauperis</u>.  Copies of documents from the Court's file may be

obtained at the cost of fifty ($.50) cents per page.

        E.   After any defendants have appeared in an action by

filing a pleading responsive to the complaint (i.e., an answer or

a motion to dismiss), all documents filed with the Court must

include a certificate of service stating that a copy of the

document was served on the opposing party.  *See* 28 U.S.C. § 1746;

F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the**

**required proof of service will be stricken**.  Where a party is

represented by counsel, service on the party's attorney of record

constitutes effective service.

        F.   A pro se party has an affirmative duty to keep the

Court and opposing parties apprised of his address.  If plaintiff

moves and fails to file a notice of change of address, service of

court orders at plaintiff's prior address shall constitute

8

1  effective notice.  <u>See</u> Local Rule 83-182(d).  If mail directed to

2  plaintiff is returned by the United States Postal Service as

3  undeliverable, the Court will not attempt to re-mail it.  <u>If</u>

4  <u>plaintiff's address is not updated, in writing, within **sixty (60)**</u>

5  <u>**days** of mail being returned, the action will be dismissed for</u>

6  <u>failure to prosecute</u>.  <u>See</u> Local Rule 83-183(b).

7  IT IS SO ORDERED.

8  **Dated:    November 24, 2008**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE